ORIGINAL

U. S. DISTRICT COURT
Eastern District of Louisiana

UNITED STATES DISTRICT COURT  FILED MAY 2 6 2005
EASTERN DISTRICT OF LOUISIANA

LORETTA G. WHYTE
Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL |
| v. | CRIM. NO.: 00-171 |
| JOHN HERRING AND MARTHA SEWELL (Consolidated Defendants) | Section "K" (3) |

**DEFENDANT'S CONSOLIDATED TRAVERSE TO GOVERNMENT OPPOSITION**

Comes Now the Defendants, John Herring and Martha Sewell, "Defendants" (consolidated) and files this Traverse to the Governmental Opposition, and state:

All of the pleading filed by the Defendants are incorporated by reference.

All of the issues not addressed by the government are waived and to be viewed as being forfeited in the favor of the Defendants. As with any other argument, the government can forfeit by failing to raise in a timely fashion. See <u>United States v. Canady</u>, 126 F.3d 352, 359 (2d Cir. 1997); <u>Shukwit v. United States</u>, 973 F.2d 903, 904 (11th Cir. 1992); cf. <u>Doe v. United States</u>, 51 F.3d 693, 697-99 (7th Cir. 1995).

As noted below, the Defendants claim their sentences were not supported fully by the jury verdict and that the indictment alone is insufficient for a conviction. Defendants proffer that <u>United States v Booker</u> applies completely to the case facts as well as the sentence under various theories of judicial review and relief as noted below. Defendants claim that their trial counsel was ineffective for the reasons stated in the original pleadings, and especially in light of the misapprehension of law by all of the parties as to the inherent constitutional violation of the Sixth Amendment.

Page 1

\_\_Fee\_\_
\_\_Proc\_\_
X\_Dktd\_\_
X\_CtRmDep\_\_
Doc. No.\_\_

Accordingly, Defendants are entitled to relief under Section 2255 for constitutional violations of the Fifth (Due Process), Sixth (as noted in Booker), and Eighth Amendments (Excessive Punishment resulting) and that a failure to grant review and relief would result in a complete miscarriage of justice. United States v Shaid, 937 F.3d 228 (5th Cir. 1991).

## UNITED STATES V BOOKER DOES APPLY TO THE UNLAWFUL SENTENCES IMPOSED AS TO THE DEFENDANTS

As the government noted, the decision in United States v Booker found certain provisions of the Federal Sentencing Guidelines unconstitutional. While the government attempts to minimize Booker's application, nevertheless the holding that the mandatory imposition of the guidelines violates the Sixth Amendment constitutional rights of the defendant requires that the case of John Herring and Martha Steward must be remanded for resentencing.

In Blakely v. Washington, 124 S. Ct. 2531 (2004), Justice Scalia, writing for the majority of the United States Supreme Court, defined how a maximum penalty may be imposed in a criminal case:

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. See *Ring, supra*, at 602, 153 L. Ed. 2d 556, 122 S. Ct. 2428 ("'the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" (quoting *Apprendi, supra*, at 483, 147 L. Ed. 2d 435, 120 S. Ct. 2348)); Harris v. United States, 536 U.S. 545, 563, 153 L. Ed. 2d 524, 122 S. Ct. 2406 (2002)(plurality opinion) (same); cf. *Apprendi, supra*, at 488, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (facts admitted by the defendant). In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has

> not found all the facts "which the law makes essential to the punishment," Bishop, *supra*, § 87, at 55, and the judge exceeds his proper authority.

Id. at 2537 (emphasis in original)

It is clear that the district court's sentence violated the principle set forth above by Justice Scalia. The district court imposed enhancements under the sentencing guidelines beyond those stipulated at trial, or in the jury verdict, and beyond the those contained in the indictment against him. The district court's factual findings thus violated Defendant's Sixth Amendment right to a jury trial as defined in Blakely. Therefore, this Court should vacate Defendant's sentence and remand for a re-sentencing under the guidelines without enhancements because to do otherwise would result in a ex post facto application of law.

Subsequent to Blakely, the United States Supreme Court issued its opinion in United States v. Booker, 125 S. Ct. 738 (2005) finding that the mandatory application of the federal sentencing guidelines violated the principles the Court had set forth in Blakely. The Court held that:

> the existence of 3553(b)(1) is a necessary condition of the constitutional violation. That is to say, without this provision -- namely the provision that makes "the relevant sentencing rules . . . mandatory and imposes binding requirements on all sentencing judges" - the statute falls outside the scope of Apprendi's requirement. Ante at 10 (STEVENS, J., opinion of the Court); see also ibid. ("Everyone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the [Sentencing Reform Act] the provisions that make the Guidelines binding on district judges"). Cf. post, at 2-8 (THOMAS, J., dissenting).

Id., 125 S.Ct. at 659-60

As a result, the Defendant's sentences are unlawful. The district court made clear that it

believed that its application of the guidelines was binding. After <u>Booker's</u> clarification this is not the law. More importantly, Booker makes clear that the application of a sentencing scheme imposing a mandatory guideline sentence is (and was) illegal and a violation of constitutional proportions. Therefore, this Court should find that there is no impediment to reviewing this case and find that the sentence imposed violated <u>Blakely</u> and <u>Booker</u>.

### HERRING AND STEWART ARE ENTITLED TO RULE 60(b) REVIEW CONCERNING A MISAPPREHENSION OF LAW BY THE PARTIES

This case does not involve an attempt to raise a new claim of unknown dimensions, but to establish entitlement to an affirmation of constitutional error. The stated ground for the motion in this case is that an intervening Supreme Court decision supposedly established that the judicial representations as to a mandatory sentencing range as well as the actual sentence imposed upon Herring and Sewell was based upon a misapprehension of law. It has been held in the pre-AEDPA era that an intervening Supreme Court decision can, in some circumstances, be a valid basis for granting Rule 60(b) relief from the denial of habeas relief. <u>See</u> <u>Ritter v. Smith</u>, 811 F.2d 1398, 1401 (11th Cir. 1987).

Federal Rule of Civil Procedure 60(b) sets forth possible bases for relief from a judgment or order. Grounds for relief include mistake, newly discovered evidence, and fraud. Rule 60(b)(6) is a catch-all ground: "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) is an extraordinary remedy, but it is within the district court's discretion to grant it in order to do justice. <u>Klapprott v. United States</u>, 335 U.S. 601, 93 L. Ed. 266, 69 S. Ct. 384 (1949). Herring and Sewell seek this exercise of discretion.

The Defendants argue that a supervening change in the law can present a sufficient basis

for Rule 60(b)(6) relief. The Fifth and Eleventh Circuits have recognized that Rule 60(b) can be used to remedy a mistake in the application of the law. Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977) ("the law of this circuit permits a trial judge, in his discretion, to reopen a judgment on the basis of an error of law."); Parks v. U.S. Life & Credit Corp, 677 F.2d 838 (11th Cir. 1982). Such reasoning was also implicit in Wisecup v. James, 790 F.2d 841 (11th Cir. 1986), where we remanded a case in order to allow the petitioner to file a Rule 60(b) motion on the basis of an intervening Supreme Court decision. See also Corn v. Kemp, 772 F.2d 681 (11th Cir. 1985) (Eleventh Circuit mandate recalled pending disposition of three similar cases which were pending before the en banc court), vacated on other grounds, 478 U.S. 1016, 106 S. Ct. 3326, 92 L. Ed. 2d 732 (1986); Wilson v. Fenton, 684 F.2d 249, 251 (3d Cir. 1982) ("A decision of the Supreme Court of the United States or a Court of Appeals may provide the extraordinary circumstances for granting a Rule 60(b)(6) motion. . . ."); Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit)

      The constitutional conclusions as to the instant error should lead this court to a conclusion that the "sea change" is more than a "mere" change in the law and it is necessary to provide judicial Rule 60(b)(6) relief. Several factors in this case, in addition to the fact of the change in the law, persuade us that the circumstances are sufficiently extraordinary to warrant relief under Rule 60(b)(6). Mere finality of judgment is not sufficient to thwart Rule 60(b)(6) relief. If simple finality were sufficient to overcome a Rule 60(b)(6) motion then no such motions would ever be granted. For this reason, fundamental fairness is the polestar of habeas relief. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 2070, 80 L. Ed. 2d 674 (1984).

In this case, Booker has established that the Defendant's sentencing was constitutionally deficient and after evaluating all of the circumstances of this case, this court should conclude that the circumstances are extraordinary and that relief pursuant to Rule 60(b)(6) is justified.

Second, res judicata is not at issue in this case. Although the related doctrine, law of the case, is at issue, Rule 60(b)(6) is an available procedure to circumvent the law of the case. Nothing in the language of the Rule, nor in the case law, suggests that Rule 60(b)(6) relief should be unavailable in habeas corpus proceedings. See Hall v. Alabama, 700 F.2d 1333 (11th Cir.) (entertaining a state's Rule 60(b)(6) motion in a habeas corpus proceeding), cert. denied, 464 U.S. 859, 78 L. Ed. 2d 163, 104 S. Ct. 183 (1983). It is clear that the Defendants could receive the benefit of an intervening favorable Supreme Court ruling inconsistent with a decision of the Circuit that had sustained the constitutionality of the statute. Ritter v Smith, 811 F.2d 1398 (11th Cir. 1987).

**THE COURT MAY TAKE JUDICIAL NOTICE OF BLAKELY AND BOOKER**

Finally, and although this is not the point of this motion, this Court may take judicial notice of the progeny of Apprendi v New Jersey in the recent decisions of Blakely v Washington and Booker v United States. and the decisional, constitutional, and public statutory law basis thereof, through Section 201 of Federal Rules of Evidence, even though the Supreme Court has not proactively deemed Booker retroactive as of this date. Further, Defendants assert that this court shall take judicial notice if requested by a party and supplied with the necessary information which the Defendant has duly requested and fully complied with. See Federal Rules Evidence, Rule 201 (b), (c), (d).

Therefore, this court should entertain the rationale and underlying foundations of

Apprendi v New Jersey in respect to the position that misinformation or reliance that a mandatory sentencing guideline scheme is a misapprehension of the law of constitutional magnitude and resentencing is the best method to cure the defect in light of Apprendi's clarifications.

## UNCONSTITUTIONAL DEPARTURES AND ENHANCEMENTS

During the sentencing process, the court imposed a series of enhancements and departures which depended upon an adjudication of "clear and convincing evidence" instead of "beyond a reasonable doubt" as to factors which were not alleged in the indictment, nor presented to the jury for a verdict, nor did the government request a special verdict. According to the dictates of Booker v United States these enhancements/ departures must be vacated and Defendants resentenced as specifically noted below.

Defendants are not contesting the validity of any post-Booker judicial consideration of the the base level offense of the sentencing guidelines as it relates directly to the statutes of alleged violation. See Mistretta v United States, 488 U.S. 361 (1989). There should be no contest that the Defendants have the right to a jury determination of the offense as it relates to the base level offense. However, the central issue is the Defendant's right for a jury to decide, beyond a reasonable doubt those material factors for which the Defendant had sufficient notice of and which raise the punishment far beyond that called for in the base level offense levels for the statute of violation. In this case, this judicial process failed to materialize.

## 18 U.S.C. 3582 STATUTORY JURISDICTION AVAILABLE DUE TO INVALIDITY OF SENTENCING GUIDELINES

Defendants posit that Section 3582, Subsection (c) provides that a court may not modify a

sentence except as described in the subsection as provided through "safety valves" for modification of sentences in three situations, all of which provide this court with jurisdiction to consider re-sentencing downward:

(a) The first "safety valve" applies, regardless of the length of sentence, to the unusual case in which the defendant's circumstances are so changed, that it would be inequitable to continue the confinement of the prisoner and the court could grant a reduction if it found that the reduction was justified by "extraordinary and compelling reasons" and was consistent with applicable policy statements issued by the Sentencing Commission.

(b) Subsection (c)(1)(B) simply notes the authority to modify a sentence if modification is permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. Certainly Title 28 U.S.C. 1651 provides this court with statutory authority to assume jurisdiction and provide the measures of relief necessary to effectuate a constitutional legal sentence.

(c) Another "safety valve," set forth in subsection (c)(2), permits the court to reduce a term of imprisonment, upon motion of the defendant or the Director of the Bureau of Prisons or on its own motion, if the term was based on a sentencing range in the applicable guideline that was lowered by the Sentencing Commission after the defendant's sentence was imposed and if such a reduction is consistent with applicable policy statements of the Sentencing Commission.

As Congress noted in the creation of Section 3582:

> "The value of the forms of "safety valves" contained in this subsection lies in the fact that they assure the availability of specific review and reduction of a term of imprisonment for "extraordinary and compelling reasons" and to respond to changes in the guidelines. The approach taken keeps the sentencing power in the judiciary where it belongs, yet permits later review of sentences in particularly compelling situations."

<u>Public Law 98-473</u>, Senate Rept. 225, page 121 (<u>reprinted 1984</u>) <u>U.S. Code and Cong. Admin. News</u> page 3304.

Defendants urge court to correct the inequity whereas the Sentencing Guidelines have been found to be in violation of the United States Constitution Sixth Amendment. Gunderson should be entitled to the retroactive relief and resentencing in the interests of justice to effectuate the clarification by <u>United States v Booker</u> and the advisory use (and not mandatory use) of the guidelines as intended by the Sentencing Commission and ratified by Congress.

### HERRING AND SEWELL'S CONVICTIONS AND RESTITUTION AS TO MEDICARE FRAUD VIOLATE THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION

Herring asserts that counts one through three of the indictment allege fraudulent acts that occurred before August 21, 1996, the effective date of the health care fraud statute, 18 U.S.C. § 1347. *See* Health Insurance Portability and Accountability Act, Pub. L. No. 104-191, § 242(a)(1), 110 Stat. 1936, 2016 (1996). Accordingly, Herring contends that these counts violate the Ex Post Facto Clause.

A law violates the Ex Post Facto Clause if it (1) punishes as a crime an act previously committed which was not a crime when done; (2) makes more burdensome the punishment for a crime after it has been committed; or (3) deprives a defendant of any defense available according to the law at the time the charged act was committed. <u>Collins v. Youngblood</u>, 497 U.S. 37, 52, 111 L. Ed. 2d 30, 110 S. Ct. 2715 (1990). Since Herring did not make this argument in district court, it is reviewed for plain error. <u>United States v. Todd</u>, 735 F.2d 146, 149 (5th Cir. 1984)

The heart of Herring's argument is that counts one, two, and three are impermissible

because they are premised on fraudulent claims which were submitted to Medicare and paid before the statute was enacted--in other words, Herring contends that all the necessary elements of the offense were complete before the critical date and the subsequent law cannot be utilized.

18 U.S.C. 1347 punishes one who "knowingly and willfully executes, or attempts to execute, a scheme or artifice . . . to defraud any health care benefit program . . . or . . . to obtain, by means of false or fraudulent pretenses . . . any of the money or property . . . of . . . any health care benefit program . . . ."

The Fifth Circuit has held that the health care fraud statute, § 1347, punishes executions or attempted executions of schemes to defraud, and not simply acts in furtherance of the scheme. Of course, although the crime of health care fraud is complete upon the execution of a scheme, any scheme can be executed a number of times, and each execution may be charged as a separate count. See Lemon, 941 F.2d at 317; De La Mata, 266 F.3d at 1287.

According to the government, the nature of Herring's scheme was to submit false claims to health insurers. The benefit was the money rendered by the insurer to the Defendant after each false claim was processed, accepted, and paid. Financial gain was also the ultimate goal, and the interdependence of the acts is dispositive. Herring submitted each claim separately. Although it may have been grouped for efficiency, each claim was individually considered and approved.

Herring allegedly submitted the claims that form the basis of these three counts in the fall of 1995 and the spring of 1996. The exhibits submitted by the Government indicate that Medicare issued a check for each claim. The evidence also indicates that Medicare paid the claims

The relevant acts were committed before the health care fraud statute became effective.

See Hord, 6 F.3d at 281-82 (holding that the deposit of fraudulently obtained funds completes the execution); United States v. Gregg 179 F.3d 1312, 1315 (11th Cir. 1999) (same). Accordingly, Herring's convictions on counts one through three of the first indictment violate the Ex Post Facto Clause.

Herring argues that an Ex Post Facto error is reversible error. To the extent he is arguing that it is error and affects her substantial rights. The extra counts have affected the length of his sentence because xxx and vacating his convictions for three of the counts will not change the amount of time she spends in jail.

The district court also ordered Herring to pay restitution for his crimes in the amount of $ xxxx pursuant to 18 U.S.C. § 3663 and forfeiture of substantial real estate and assets. This amount of restitution included $ 6,400.14 for counts one through three of the indictment. In Hughey v. United States, 495 U.S. 411, 109 L. Ed. 2d 408, 110 S. Ct. 1979 (1990), the Supreme Court held that the Victim and Witness Protection Act of 1992, which is the statutory basis of § 3663, authorized an award of restitution "*only* for the loss caused by the *specific* conduct that is the basis of the offense of conviction." *Id.* at 413 (emphasis added); see also United States v. Barndt, 913 F.2d 201, 203 (5th Cir. 1990) (remanding a case for proper calculation of restitution under Hughey when the district court improperly sentenced the defendant to an amount of restitution that was broader than the offense for which the defendant was convicted). If Herring had been sentenced to this amount of restitution without being convicted of counts one through three, the resulting sentence would be illegal and thus plain error. Compare Hughey, 495 U.S. at 420 (stating that "the loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order") with United States v. Sias, 227 F.3d 244, 246 (5th Cir.

2000) (holding that a sentence that exceeds the statutory limitations is an illegal sentence and constitutes plain error).

On this basis, the Ex Post Facto error affected Herring's substantial rights because it affected the outcome of the district court proceedings. See <u>United States v. Quackenbush</u>, 9 Fed. Appx. 264, 2001 WL 574649, at *1-2 (4th Cir. 2001) (unpublished) (agreeing that there was plain error in part of a restitution order because some of the losses counted were not the basis of the defendant's offenses); see also <u>United States v. Wainwright,</u> 938 F.2d 1096, 1098 (10th Cir. 1991) (holding that imposition of restitution for losses not related to the crime of conviction was plain error).

It is unfair, under <u>Hughey</u> and its progeny, to hold the Defendant accountable for restitution for Ex Post Facto convictions. Therefore, this court must reverse Herrings convictions on counts one through three of the first indictment and remand for resentencing.

## EVIDENTIARY HEARING

In order to be entitled to an evidentiary hearing, the habeas the Defendants need only allege reasonably specific non-conclusory facts that if true, would entitled him to relief. Defendants claim that the above allegations are not contradicted by the record and the claim is not frivolous. <u>Aron v. United States</u>, 291 F.3d 708 (11th Circuit 2002). On this basis, Defendants move for an evidentiary hearing pursuant to 28 United States Code 2255, Rule 8; if this court deems such to be equitable and just.

## FINAL CONCLUSION AND REQUEST FOR RELIEF

John Herring and Martha Sewell are moving for a finding that the judgement was imposed in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such judgement, and/or that the sentence was in excess of the maximum authorized by law or sentencing guidelines, or is otherwise subject to collateral attack. Defendants assert entitlement to prevail on a claim of being innocent of or ineligible for the sentence received, and he has shown constitutional error invalidating all of the aggravating circumstances upon which the sentence was based.

In light of the above, the Defendants believe they have demonstrated a valid basis of the deprivation of constitutionally protected Fifth Amendment Due Process, the excess punishment in relation to the actual jury verdict within the context of the Sixth Amendment, and a sentence in excess of the authorized maximum in violation of the Eighth Amendment of the United States Constitution. On the basis of <u>Booker v United States,</u> relating back to <u>Apprendi v New Jersey and Blakely v Washington (citations omitted)</u>, Defendants are entitled to a "reasonable" sentence devoid upon dependence upon a mandatory sentencing guideline scheme. Defendant's sentences violated the Fifth, Sixth and Eighth Amendments of the United States Constitution requiring vacatur.

Submitted,

_____
John Herring, Pro Se litigant
Reg: 27157-034
FCI Oakdale
Box 5010
Oakdale, LA 71463

_____
Martha Sewell, Pro Se Litigant
27158-034
FCI Marianna
3625 FCI Road

Marianna, Florida 32446

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY the original and two copies of the foregoing Motion for 28 U.S.C. 2255 Habeas Corpus Relief were sent, with U.S. First Class postage, to the Clerk of Court for the United States District Court for the Eastern District of Louisiana, Hale Boggs Federal Building, 200 Poydras Street, New Orleans, LA 70130, and a copy to the United States Attorney, Hale Boggs Federal Building, 200 Poydras Street, New Orleans, LA 70130, this 24th day of May, 2005. I Affirm that the foregoing is true and correct under the laws of perjury.

Submitted,

John Herring

Martha Sewell

*Note to Clerk of Court and Respondent:* In order to assure timely receipt, please mark all documents sent to Defendants:"***LEGAL MAIL OPEN IN PRESENCE OF INMATE***"



Alvin E. Entin, Esq
Attorney at Law
Autonation Tower Suite 1970/Luskin
110 Southeast 6th Street
Fort Lauderdale, Florida 33301

United States District Court
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras Street
New Orleans, Louisiana 70130